IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUDY STULTS, | ) |
| | ) 2007 SEP -4 P 2: 03 |
| Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| THE MIDLAND COMPANY, a | ) |
| corporation; MIDLAND-GUARDIAN | ) |
| COMPANY, a wholly-owned subsidiary | ) Civil Action No. 2:07CV796-mht |
| of The Midland Company; AMERICAN | ) |
| MODERN INSURANCE GROUP, | ) |
| INC., a wholly-owned subsidiary of The | ) JURY TRIAL DEMANDED |
| Midland Company; and SUNBELT | ) |
| GENERAL AGENCY, INC., a wholly- | ) |
| owned subsidiary of The Midland | ) |
| Company. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Judy Stults, by and through her attorneys of record, and for her Complaint against the Defendants, states as follows:

## STATEMENT OF THE CASE

1. This is a lawsuit brought by the Plaintiff, Judy Stults, who has been affected by the discrimination alleged in the claims set forth below, seeking permanent relief from unlawful discriminatory practices involving retention and other terms and conditions of employment in failing to remedy systemic employment

discrimination on the basis of age and retaliation. The practices committed by the

Defendants violate the Age Discrimination in Employment Act of 1967, as amended,

codified at 29 U.S.C. §621 *et seq*. ("ADEA"), on the basis of age and retaliation.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. §§1331 and 1343.

3.     Plaintiff has fulfilled all conditions precedent to the institution of this

action under the ADEA.  On or about October 17, 2006, Plaintiff filed charges of

discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

See Exhibit A.  Plaintiff has timely filed this action within ninety (90) days of her

receipt of her Notices of Right to Sue from the EEOC, dated as having been mailed

to her on June 6, 2007.  See Exhibit B.

4.     The Defendants are located and/or are doing business within this judicial

district and division, and this action is brought in the judicial district wherein the

unlawful employment practices that form the basis of this action were committed,

making venue proper under 28 U.S.C. §1391(b).

## PARTIES

5.     Plaintiff Judy Stults ("Stults" or "Plaintiff") is a sixty (60) year old

adult female resident of Montgomery County, Alabama. She was employed by the Defendants at all times material herein.

6.    Defendant The Midland Company is believed to be an Ohio corporation with offices located at 7000 Midland Blvd., Amelia, Ohio 45102-2607. On its website, The Midland Company describes itself as being, among other things, "a highly focused provider of specialty insurance products and services...".

7.    Defendant Midland-Guardian Company is believed to be an Ohio Corporation with offices located at 7000 Midland Blvd., Amelia, Ohio 45102-2607. Upon information and belief, it is a wholly-owned, financial services subsidiary of defendant The Midland Company, and engages in commercial lending and other types of financing. Upon information and belief, during the term of her employment by the defendants, Stults was paid through defendant Midland-Guardian Company.

8.    Defendant American Modern Insurance Group, Inc. is believed to be an Ohio corporation with offices located at 7000 Midland Blvd., Amelia, Ohio 45102-2607. Upon information and belief, it is a wholly-owned, specialty insurance subsidiary of defendant The Midland Company. On its website, Defendant American Modern Insurance Group describes itself as being, among other things, a "widely recognized ... leading expert in the specialty insurance business[,] [w]ith more than 40 years of experience in the manufactured housing insurance sector, ..." Defendant

-3-

American Modern Insurance Group, along with its parent, subsidiaries, and affiliates, was the entity which, at the time of Stults' termination, solicited from her in Montgomery, Alabama a release and waiver of her subject ADEA claims.

9.      Defendant Sunbelt General Agency, Inc. is believed to be an Alabama corporation with offices located at 1020 Monticello Court, Montgomery, Alabama 36117. Upon information and belief, it is a wholly-owned subsidiary of Defendant The Midland Company, and the general agent in Alabama for Defendant American Modern Insurance Group.  On its website, Sunbelt describes itself as being, among other things, "a full service [m]anaging [g]eneral [insurance] [a]gency... offer[ing] several contract carriers, including [Defendant] American Modern Insurance Group." During the term of her employment by the Defendants, Stults' office was located at Sunbelt in Montgomery, Alabama.

## STATEMENT OF FACTS

10.     The Defendants hired Stults on or about January 15, 1996.

11.     Stults' job position was Vice President and Manager of the defendants' personal lines insurance business in Alabama, Georgia, Florida, and Mississippi.

12.     Stults was qualified for her job.

13.     The Defendants terminated Stults' employment on or about July 6, 2006.

14.     At the time of her termination, Stults was fifty-nine (59) years old.

15.    During the 10.5 years of her employment by the Defendants, Stults received annual performance evaluations and reviews.

16.    Stults received two (2) performance evaluations for the year 2001. One of these evaluations was by her immediate supervisor in Alabama, Ray Johnston, who is the President of Defendant Sunbelt General Agency, Inc. Johnston rated Stults' job performance as being *"outstanding"*.

17.    Stults' second performance evaluation for the year 2001 was by Kurt M. Kiessling, who was then one of the Defendants' managers in their corporate headquarters in Ohio. In all applicable categories of the review, Kiessling scored Stults as either *"meeting"* or *"exceeding"* the Defendants' expectations.

18.    Stults' performance evaluation for the year 2002 was also performed by Kiessling. Though the Defendants' rating guide had changed from the previous year, Kiessling again scored Stults in all applicable categories as being a *"solid"* performer.

19.    Stults' performance evaluation for the year 2003 was performed by Tom Hayden, who was then another of the Defendants' mangers in their corporate headquarters in Ohio. Once again, Stults was scored as being a *"solid"* performer.

20.    When the Defendants asked Stults for her comments regarding her 2003 evaluation, Stults, who was then approximately fifty-seven (57) years old, requested

-5-

that the Defendants consider raising her general salary grade because, she advised, (a) it was likely that she would not reach the top of her then current grade before she retired at or near age 65, and (b) such a raise in her salary grade would also afford her the opportunity to take advantage of certain stock options of the Defendants.

21.    In late 2004, Stults' immediate supervisor/manager changed from Ray Johnston to his nephew, Frank Johnston, Jr., who was then approximately thirty-one (31) years old (some twenty-six (26) years younger than Stults). Frank Johnston, Jr. had previously been a sales agent for the Defendants, and he had also worked with the marketing and commercial lines sectors of the Defendants' insurance business.

22.    Though Frank Johnston, Jr., had not supervised Stults for most of the year 2004, he conducted her performance evaluation for that year, and as her previous raters and reviewers had done, Johnston scored Stults as being a *"solid"* performer.

23.    In commenting on her 2004 evaluation, Stults again reiterated to the Defendants her desire for a job grade increase which would allow her to obtain stock options before her retirement.

24.    Stults was asked on a number of occasions when she planned to retire, and she had made it known to the Defendants that she intended to continue working until at or near the age of 65.

-6-

25.    Frank Johnston, Jr. denied Stults' request for a job grade increase, but following a subsequent meeting which Stults had with John Hayden, the Defendants' Chief Executive Officer (during which Hayden assured Stults that she was very valuable to the Defendants, that her hard work was appreciated, and that he looked forward to the longevity of their relationship), Stults received a job qrade increase.

26.    In early 2005, Frank Johnston, Jr., inquired of Stults about her job and the nature and specifics of her duties and responsibilities, and he requested her to prepare and give him a written list itemizing the same.    Stults complied with Johnston's request.

27.    One of Stults' job tasks during the year 2005 was her continued deployment and utilization of "modernLINK", which is a Web-enablement initiative of the Defendants which provides their agents and associates with easily accessible policy information, forms retrieval, new business quoting/submission, and other Web-based capabilities.

28.    The Defendants had previously commended Stults and her work with modernLINK, acknowledging that she had successfully promoted modernLINK via e-mail, marketing visits, and her conversations with the Defendants' agents, all of which had resulted in the increased utilization and growth of modernLINK, which was beneficial to the Defendants' business.

-7-

29.    During the year 2005, Stults continued working to grow and increase the utilization of the Defendants' modernLINK.

30.    In December 2005, Defendant Sunbelt's president, Ray Johnston, praised Stults and her department for having had a very good year in production and profit for the Defendants.

31.    Stults' staff at that time included Kim Segrest, who was approximately thirty-eight (38) years old.

32.    The Defendants viewed Stults as being a mentor to Kim Segrest.

33.    In or around early 2006, Frank Johnston, Jr., evaluated Stults' job performance for the year 2005.

34.    Johnston rated Stults on six (6) identified job goals.  With respect with three (3) of those goals (*i.e.*, 50% of them), Johnston gave Stults a low score of *"2-Improvement Required"*.  Johnston allocated one of these low scores to Stults' work with modernLINK, but at the same time acknowledged that *"93% of the business we get is submitted on modernLINK[;] [t]his is effective penetration on processed business."*

35.    Johnston also rated Stults on six (6) identified categories of competency. As he did with her job goals, Johnston gave Stults a low score of *"2-Weakness"* on 50% of these competencies.

-8-

36.    Based on Johnston's evaluation of Stults' job performance for 2005, the Defendants' overall rating for her that year was a low *"2-Improvement Required"*.

37.    All of the Defendants' performance evaluations for Stults prior to 2005 met or exceeded their expectations of her, and such evaluations were otherwise satisfactory.

38.    The Defendants' 2005 performance evaluation for Stults was her first and only unsatisfactory evaluation.

39.    At no time prior to the 2005 performance evaluation did the Defendants advise Stults that any improvement in her job performance was needed.

40.    Following her receipt of the 2005 performance evaluation, Stults expressed to the Defendants her concerns with it and her belief that certain of the comments in the evaluation needed explanation.

41.    Stults requested Frank Johnston, Jr., to provide her with detailed explanations of the areas in which he had rated her as requiring improvement, and she also requested to be informed of specific changes the Defendants deemed necessary for her to improve and enhance her job production and overall efficiency.  Stults' requests were reasonable.

42.    The Defendants never responded to Stults' request for information about her 2005 performance evaluation, but acting through Frank Johnston, Jr., the

-9-

Defendants advised Stults that her job performance would again be reviewed and evaluated in six (6) months, in or around June or July 2006.

43.    Stults had never before been subjected to such a bi-annual performance evaluation, and upon information and belief, neither had any of her co-workers.

44.    Stults was one of the older employees in the Defendants' office in Montgomery.

45.    Frank Johnston, Jr., demeaned and harassed Stults, and upon information and belief, he did so to other older employees as well.

46.    Johnston substantially increased Stults' work load and told her that if she could not get the work done, then she would have to work extra hours. He was rude to her, and gave her problems about jury duty, traveling, reimbursement of job-related expenses, and other things. Upon information and belief, Johnston did not similarly demean and harass younger employees.

47.    A few weeks prior to July 6, 2006, Stults successfully completed a special "Mississippi Agents" project which had been assigned to her by Frank Johnston, Jr. Johnston said nothing at all to Stults about her success on the project, but Kurt Kiessling did, praising her for *"a great job"*.

48.    On July 3, 2006, Stults reminded Frank Johnson, Jr., that it was time for the six (6) month performance evaluation which he had told her about in January, and

-10-

she requested to meet with Johnston to discuss the same.

49.     Three (3) days later, on July 6, 2006, Stults was summoned into Johnston's office, where both he and a human resources representative from the Defendants' corporate offices in Ohio were waiting for her.

50.     Johnston told Stults that *"due to your job performance, I'm going to have to let you go."*

51.     The Defendants' human resources representative from Ohio then handed Stults a four (4) page proposed "Letter of Agreement - Separation Pay and General Release", signed by Elisabeth E. Baldock, on behalf of Defendant American Modern Insurance Group "and any related persons or organizations, including, without limitation, [said defendant's] parent, subsidiaries and affiliates."

52.     Pursuant to that proposed agreement, the Defendants solicited from Stults a release of all possible claims between her and them, specifically including any legal action or claim arising under the ADEA.

53.     Stults was told to review the proposed agreement, sign it, and send it to the Defendants in Ohio.

54.     Stults declined to accept the Defendants' proposed agreement or waive her ADEA rights and claims.

-11-

55.    After they terminated Stults, the Defendants replaced her with her younger subordinate, Kim Segrest.

56.    Following the filing of Stults' underlying EEOC charges of discrimination, the Defendants agreed to mediate Stults' claims and otherwise attempt to resolve them.  The mediation was unsuccessful.

## COUNT I

## ADEA - AGE DISCRIMINATION

57.    Stults adopts and re-alleges each and every allegation contained in this Complaint as is set out anew herein.

58.    Stults was a member of a protected age group and came within the coverage of the ADEA.

59.    Stults was qualified to do her job.

60.    Stults was subjected to adverse employment action, including, but not limited to, her 2005 performance evaluation and the termination of her employment.

61.    Stults was replaced by and otherwise lost her job position to a younger individual.

62.    Based on the foregoing, Stults' employer, the Defendants, discriminated against Stults on the basis of her age in the terms, conditions, and privileges of her employment.

-12-

63.     The Defendants' proffered reason for Stults' termination, her alleged job performance, is a pre-text for unlawful age discrimination.

64.     The Defendants' actions are in violation of the ADEA and were made with knowledge or reckless disregard to the federally-protected rights of Stults.

65.     As a result of such discrimination, Stults was caused to be injured and damaged, to have her career significantly and adversely impacted, and to forego and lose compensation, job benefits, and other such things.

**WHEREFORE, PREMISES CONSIDERED**, Stults demands the following relief:

(a)     Placement in the position(s) in which she would have worked absent the Defendants' discriminatory treatment;

(b)     Injunctive relief;

(c)     Pre-judgment interest;

(d)     Attorneys' fees;

(e)     Costs;

(f)     Liquidated damages to deter such conduct in the future;

(g)     Compensatory damages for loss of wages, loss of benefits (retirement, pension, etc.), mental anguish, embarrassment, and emotional distress; and

-13-

(h)    Such other legal and equitable relief as may be appropriate to effectuate the purposes of the ADEA or to which Stults may be entitled.

## COUNT II

### RETALIATION

66.    Stults adopts and re-alleges each and every allegation contained in this Complaint as is set out anew herein.

67.    During her employment with the Defendants, Stults opposed employment practices made unlawful by the ADEA, including the defendants' discriminatory performance evaluation for 2005.

68.    In response to, and as a direct result of, having engaged in statutorily protected activity, Stults was retaliated against by the Defendants, which adversely affected the terms and conditions of Stults' employment.

69.    The Defendants' retaliatory actions are in violation of the ADEA and were made with malice or reckless indifference to the federally-protected rights of Stults.

70.    As a result of such discrimination, Stults was caused to be injured and damaged, to have her career significantly and adversely impacted, and to forego and lose compensation, job benefits, and other such things.

-14-

**WHEREFORE, PREMISES CONSIDERED**, Stults demands the following relief:

(a)    Placement in the position(s) in which she would have worked absent the Defendants' discriminatory treatment;

(b)    Injunctive relief;

(c)    Pre-judgment interest;

(d)    Attorneys' fees;

(e)    Costs;

(f)    Punitive damages to deter such conduct in the future;

(g)    Compensatory damages for loss of wages, loss of benefits (retirement, pension, etc.), mental anguish, embarrassment, and emotional distress; and

(h)    Such other legal and equitable relief as may be appropriate to effectuate the purposes of the ADEA or to which Stults may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STUCK JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

Terry A. Sides
ASB: 7513-e47t
tsides@burgesshale.com
Attorney for Plaintiff

-15-

OF COUNSEL:
**BURGESS & HALE, L.L.C.**
300 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Phone: (205) 715-4466
Fax: (205) 715-4454


**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED:**

The Midland Company
c/o John W. Hayden
7000 Midland Blvd.
Amelia, Ohio 45102-2607

Midland-Guardian Company
c/o John W. Hayden
7000 Midland Blvd.
Amelia, Ohio 45102-2607

American Modern Insurance Group, Inc.
c/o John W. Hayden
7000 Midland Blvd.
Amelia, Ohio 45102-2607

Sunbelt General Agency, Inc.
c/o Ray R. Johnston
1020 Monticello Court
Montgomery, Alabama 36117

# EXHIBIT
# A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy act statement before completing

_____ and EEOC

*State or local Agency, if any*

| AGENCY | CHARGE NUMBER |
|---|---|
| [ ] FEPA | |
| [X] EEOC | |

| NAME (Indicate Mr. Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mrs. Judy Stults | (334) 277-6792 |

| STREET ADDRESS | CITY. STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1143 Old Breckenridge Lane | Montgomery, AL 36117 | 12/01/46 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code): |
|---|---|---|
| American Modern Insurance Group, Inc., and its parent, subsidiaries, and affiliates | +15 | (513) 943-7200 |

| STREET ADDRESS | CITY. STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 7000 Midland Blvd. | Amelia. OH 45102 | unknown |

| NAME | NUMBER OF EMPLOYEES, MEMBERS: | TELEPHONE (Include Area Code) |
|---|---|---|
| Midland-Guardian Company, and its parent, subsidiaries, and affiliates | +15 | |

| STREET ADDRESS | CITY. STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 7000 Midland Blvd. | Amelia, OH 45102 | unknown |

| NAME | NUMBER OF EMPLOYEES, MEMBERS +15 | TELEPHONE (Include Area Code) |
|---|---|---|
| Sunbelt General Agency, Inc. | | (334) 273-0080 |

| STREET ADDRESS | CITY. STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1020 Monticello Court | Montgomery, AL 36117 | Montgomery |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es)

| [ ] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN |
|---|---|---|---|---|
| [ ] RETALIATION | | [X] AGE | [ ] DISABILITY | [ ] OTHER Pregnancy Act |

| DATE DISCRIMINATION TOOK PLACE |  |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| | July 6, 2006 |

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, al/ach extra sheet(s)

1.  I was employed by the Respondents from January 15, 1996, to July 6, 2006, as their Vice-President/Personal Lines Manager in Montgomery, AL.

2.  On July 6, 2006, the Respondents, acting by and through their agent and my supervisor, Frank Johnston, Jr., terminated my employment, citing "job performance" as the reason for my termination. This is false, inasmuch as others within the company complimented and lauded my job performance, and from 1996 to 2004, the Respondents rated my job performance as meeting and exceeding expectations and otherwise being a solid performer.

3.  I believe the Respondents terminated me because of my age, 59.5 years, in violation of federal and state age discrimination laws. I was one of the oldest workers in the Respondents' office in Montgomery. During the year or so prior to my termination, Mr. Johnston demeaned and harassed me and other older employees. Following my termination, the Respondents, acting through Mr. Johnston, replaced me with my assistant, Kim Segrest, who is younger (age is app. 38) and less qualified than me. The fact that age was a or at least a substantial motivating factor in my termination is further evidenced by the Respondents failing to offer me the option of their early retirement plan, and then withholding and suppressing from me certain material information regarding retirement options.

| [X] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | State of Alabama City of Birmingham to wit: |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | [x] *Judy Stults*    10-13-06 |
| | SIGNATURE OF COMPLAINANT    DATE |
| | *October*, 200 *6*  Return to and subscribed to before the undersigned notary public in and for said jurisdiction this *13th* day of |
| 10-13-06 | My commission expires: 10 , 25 , 2008 |
| Date:____ Charging Party: *Judy Stults* | *Sara B. Harris* |
| | Notary Public |

EEOC Form 5 modified

# EXHIBIT
# B

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Judy Stults**<br>**143 Old Breckenridge Lane**<br>**Montgomery, Alabama 36117** | From: **Birmingham District Office**<br>**Ridge Park Place**<br>**1130 22nd Street South**<br>**Suite 2000**<br>**Birmingham, Alabama 35205** |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2007-00367** | **Kevan J. Jackson Investigator** | **(205) 212-2128** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** <u>more than 2 years (3 years)</u> **before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Delner Cheurlee - Shemer*

L 6 JUN 2007

*(Date Mailed)*

Enclosure(s)

cc: **James W. Garrett, Jr.**
**Law Offices**
**Rushton, Stakely, Johnson & Garrett**
**Post Office Box 270**
**Montgomery, Alabama 36101-0270**

**Terry A. Sides**
**Burgess & Hale, LLC**
**Attorneys and Counselors At Law**
**300 Financial Center**
**505 Twentieth Street North**
**Birmingham, Alabama 35203**

Enclosure with EEOC
Form 161-B (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --**    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

INFORMATION FOR PERSONS WITH AGE DISCRIMINATION CLAIMS AGAINST STATE
EMPLOYERS:  HOW KIMEL V. FLORIDA BOARD OF REGENTS AFFECTS YOUR RIGHTS

The Supreme Court has recently held in *Kimel v. Florida Board of Regents*[1] that the Federal Age Discrimination in Employment Act (ADEA) does not override a State's constitutional immunity from suits by private persons for monetary relief.  Therefore, you may not bring an age discrimination suit seeking monetary relief against a State employer in either Federal or State court, unless the State has given its consent.  We know of no State that consents to Federal ADEA suits.  However, the *Kimel* Court noted that persons may recover money damages from their State employers under State age discrimination laws in 44 States.

The age discrimination provisions of the ADEA still apply to State employers.  In spite of *Kimel*, ADEA charges may still be filed with the EEOC and EEOC retains its full authority to seek relief from ADEA violations and to otherwise enforce the Act, including suing States in Federal or State court.

THE ADDITIONAL INFORMATION BELOW MAY OR MAY NOT APPLY TO YOUR CASE.  *(Your attorney, EEOC, or a State or local Fair Employment Practices agency that enforces an age discrimination law can explain or discuss these matters with you.)*

- States may permit suits by private persons[3] but can define how they may be sued, such as procedures, who can sue, and in what courts.[4]  In this regard, as noted above, many States allow private age discrimination suits in *State* court under *State* law.  *(Thus, your discrimination charge, or other factors, may entitle you to sue or otherwise seek relief under State law.)*

- *Kimel* does not apply to most local units of government – counties, cities, school boards, special taxing districts, etc. – one factor being whether any damages awarded will come from the State's treasury.[5]  And *Kimel* does not apply to interstate compact agencies that are not structured to qualify for immunity.[6]

- While *Kimel* bars private age discrimination suits for monetary relief under Federal law, employees may be permitted to sue State officials, in their official capacity, for purely injunctive relief under the ADEA.  This theory will have to be tested in the courts by private litigants.

- Your ADEA charge may also claim discrimination based on disability or a Title VII basis (race, color, religion, sex, national origin).  *Kimel* does not bar private Title VII or Americans with Disabilities Act (ADA) suits against State employers (though some Federal circuits have barred private ADA suits against State employers, applying reasoning similar to that in *Kimel*).

- Where *Kimel* applies, State law age discrimination suits may not be appended to a Title VII or ADA suit in Federal court.[7]  But Title VII and ADA suits may also be filed in State court[8] along with a suit under State law that includes State law age discrimination claims.

If you have any questions on your rights under the EEOC statutes, or if you wish to be referred to a private attorney who may consider handling your case, please call the EEOC office where you filed your charge.  You may find additional information on the EEOC Internet Web site at www.eeoc.gov.

1.  120 S.Ct. 631 (2000)

2.  *Kimel,* 120 S.Ct. at 650 (footnote).

3.  *Clark v. Barnard*, 108 U.S. 436, 447 (1883); *Gunter v. Atlantic Coast Line*, 200 U.S. 273 (1906); *Missouri v. Fiske*, 290 U.S. 18, 24 (1933), cited in *Ford Motor Co. v. Dept of Treasury*, 323 U.S. 459, 465 (1945)

4.  *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 54 (1944)

5.  *Mt. Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Moor v. County of Alameda*, 411 U.S. 693, 717-721 (1973); *Lincoln County v. Luning*, 133 U.S. 529, 530 (1890)

6.  *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 401 (1979)

7.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 117-21 (1984)

8.  *Yellow Freight Systems Inc. v. Donnelly*, 493 U.S. 953 (1990)

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Judy Stults**
**143 Old Breckenridge Lane**
**Montgomery, Alabama 36117**

From: **Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street South**
**Suite 2000**
**Birmingham, Alabama 35205**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2007-00368** | **Kevan J. Jackson Investigator** | **(205) 212-2128** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*                                             6 JUN 2007

Enclosure(s)                                          *(Date Mailed)*

cc:  **James W. Garrett, Jr.**
**Law Offices**
**Rushton, Stakely, Johnson & Garrett**
**Post Office Box 270**
**Montgomery, Alabama 36101-0270**

**Terry A. Sides**
**Burgess & Hale, LLC**
**Attorneys and Counselors At Law**
**300 Financial Center**
**505 Twentieth Street North**
**Birmingham, Alabama 35203**

Enclosure with EEOC
Form 161-B (3/98)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --**    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit <u>before 7/1/02</u> -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | **Judy Stults**<br>**143 Old Breckenridge Lane**<br>**Montgomery, Alabama 36117** | From: | **Birmingham District Office**<br>**Ridge Park Place**<br>**1130 22nd Street South**<br>**Suite 2000**<br>**Birmingham, Alabama 35205** |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2007-00369** | **Kevan J. Jackson Investigator** | **(205) 212-2128** |

(See also the additional information enclosed with this form.)

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

6 JUN 2007

Enclosure(s)

(Date Mailed)

cc: **James W. Garrett, Jr.**
**Law Offices**
**Rushton, Stakely, Johnson & Garrett**
**Post Office Box 270**
**Montgomery, Alabama 36101-0270**

**Terry A. Sides**
**Burgess & Hale, LLC**
**Attorneys and Counselors At Law**
**300 Financial Center**
**505 Twentieth Street North**
**Birmingham, Alabama 35203**

Enclosure with EEOC
Form 161-B (3/98)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --**     **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# INFORMATION FOR PERSONS WITH AGE DISCRIMINATION CLAIMS AGAINST STATE EMPLOYERS: HOW KIMEL V. FLORIDA BOARD OF REGENTS AFFECTS YOUR RIGHTS

The Supreme Court has recently held in *Kimel v. Florida Board of Regents*[1] that the Federal Age Discrimination in Employment Act (ADEA) does not override a State's constitutional immunity from suits by private persons for monetary relief. Therefore, you may not bring an age discrimination suit seeking monetary relief against a State employer in either Federal or State court, unless the State has given its consent. We know of no State that consents to Federal ADEA suits. However, the *Kimel* Court noted that persons may recover money damages from their State employers under State age discrimination laws in 44 States.

The age discrimination provisions of the ADEA still apply to State employers. In spite of *Kimel*, ADEA charges may still be filed with the EEOC and EEOC retains its full authority to seek relief from ADEA violations and to otherwise enforce the Act, including suing States in Federal or State court.

THE ADDITIONAL INFORMATION BELOW MAY OR MAY NOT APPLY TO YOUR CASE. *(Your attorney, EEOC, or a State or local Fair Employment Practices agency that enforces an age discrimination law can explain or discuss these matters with you.)*

- States may permit suits by private persons[3] but can define how they may be sued, such as procedures, who can sue, and in what courts.[4] In this regard, as noted above, many States allow private age discrimination suits in *State* court under *State* law. *(Thus, your discrimination charge, or other factors, may entitle you to sue or otherwise seek relief under State law.)*

- *Kimel* does not apply to most local units of government – counties, cities, school boards, special taxing districts, etc. – one factor being whether any damages awarded will come from the State's treasury.[5] And *Kimel* does not apply to interstate compact agencies that are not structured to qualify for immunity.[6]

- While *Kimel* bars private age discrimination suits for monetary relief under Federal law, employees may be permitted to sue State officials, in their official capacity, for purely injunctive relief under the ADEA. This theory will have to be tested in the courts by private litigants.

- Your ADEA charge may also claim discrimination based on disability or a Title VII basis (race, color, religion, sex, national origin). *Kimel* does not bar private Title VII or Americans with Disabilities Act (ADA) suits against State employers (though some Federal circuits have barred private ADA suits against State employers, applying reasoning similar to that in *Kimel*).

- Where *Kimel* applies, State law age discrimination suits may not be appended to a Title VII or ADA suit in Federal court.[7] But Title VII and ADA suits may also be filed in State court[8] along with a suit under State law that includes State law age discrimination claims.

If you have any questions on your rights under the EEOC statutes, or if you wish to be referred to a private attorney who may consider handling your case, please call the EEOC office where you filed your charge. You may find additional information on the EEOC Internet Web site at www.eeoc.gov.

---

1. 120 S.Ct. 631 (2000)
2. *Kimel*, 120 S.Ct. at 650 (footnote).
3. *Clark v. Barnard*, 108 U.S. 436, 447 (1883); *Gunter v. Atlantic Coast Line*, 200 U.S. 273 (1906); *Missouri v. Fiske*, 290 U.S. 18, 24 (1933), cited in *Ford Motor Co. v. Dept of Treasury*, 323 U.S. 459, 465 (1945)
4. *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 54 (1944)
5. *Mt. Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Moor v. County of Alameda*, 411 U.S. 693, 717-721 (1973); *Lincoln County v. Luning*, 133 U.S. 529, 530 (1890)
6. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 401 (1979)
7. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 117-21 (1984)
8. *Yellow Freight Systems Inc. v. Donnelly*, 493 U.S. 953 (1990)

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000293
Cashier ID: cstrecke
Transaction Date: 09/04/2007
Payer Name: BURGESS AND HALE LLC
------------------------------------
CIVIL FILING FEE
 For: BURGESS AND HALE LLC
 Case/Party: D-ALM-2-07-CV-000796-001
 Amount:        $350.00
------------------------------------
CHECK
 Remitter: BURGESS AND HALE LLC
 Check/Money Order Num: 9099
 Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

DALM2:07CV000796-MHT

JUDY STULTS V THE MIDLAND CO ET AL