UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JUDY STULTS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| -v- | ) Case No. 2:07 CV 796-mht |
| | ) |
| **THE MIDLAND COMPANY, MIDLAND-** | ) |
| **GUARDIAN COMPANY, AMERICAN** | ) |
| **MODERN INSURANCE COMPANY, and** | ) |
| **SUNBELT GENERAL AGENCY, INC.** | ) |
| | ) |
| **Defendants.** | |

### DEFENDANTS' MOTION TO DISMISS
### and MEMORANDUM IN SUPPORT THEREOF

Pursuant to *Federal Rules of Civil Procedure* 12(b)(6) and 12(b)(1), Defendants hereby move this Court to dismiss Plaintiff's second count for retaliation as well as her demands for punitive damages and compensatory damages for emotional distress. As grounds for this Motion Defendants state as follows:

### I.     INTRODUCTION

This is an age discrimination and retaliation case brought under the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. §§ 621-34. Plaintiff, Judy Stults, claims she was terminated from her employment with Sunbelt General Agency, Inc. because of her age and/or in retaliation for "oppos[ing] employment practices made unlawful by the ADEA."[1]

---

[1] The other Defendants in this action are The Midland Company, Midland-Guardian Company, and American Modern Insurance Group, Inc. The Midland Company is the parent company of Defendant Midland-Guardian Company. Midland-Guardian Company is a wholly-owned, financial services subsidiary of The Midland Company. American Modern Insurance Group, Inc. is a wholly-owned, specialty insurance subsidiary of defendant The Midland Company. Sunbelt General Agency, Inc. is a wholly-owned subsidiary of The Midland Company, and the general agent in Alabama for American Modern Insurance Group.

1

Complaint, ¶ 67. Attached to her Complaint and incorporated by reference therein is the discrimination charge she filed with the Equal Employment Opportunity Commission ("EEOC"). In the charge, Ms. Stults complains only about age discrimination. Specifically, she swears under penalty of perjury her belief that "[Defendants] terminated me because of my age, 59.5 years . . ." In the section of the charge where she is required to identify the basis for her claim, she checked only the "AGE" box. She did not check the "RETALIATION" box. There is nothing written in her charge that would suggest she was complaining about retaliation.

Moreover, in the Complaint's prayer for relief related to her retaliation count, Ms. Stults seeks "[p]unitive damages to defer such conduct in the future." Complaint, ¶ 15. She also seeks compensatory damages for mental anguish, embarrassment, and emotional distress. *Id.*

## II.  ARGUMENT

A.  <u>Plaintiff's Retaliation Count Must be Dismissed For Failure to Exhaust Administrative Remedies.</u>

Stults' second count for ADEA retaliation must be dismissed for failure to exhaust administrative remedies with the EEOC. The ADEA requires that individuals exhaust available administrative remedies by filing an EEOC charge prior to filing a lawsuit. 29 U.S.C. § 626(d)(2); *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004). The Eleventh Circuit has held that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Alexander v. Fulton County, Ga.*, 207 F.3d 103, 1332 (11th Cir. 2000).

In a case virtually identical to Ms. Stults, this Circuit held that the plaintiff's retaliation count was properly dismissed for failure to exhaust administrative remedies because he failed to check the retaliation box in the EEOC charge and did not include any factual allegations relating

to retaliation. *Hillemann v. Univ. of Central Florida*, 167 F. App'x. 747, 749 (11th Cir. 2006). The court distinguished *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 122 (11th Cir. 2004), a prior Eleventh Circuit case in which it held a retaliation count was not barred for failure to exhaust, even though the plaintiff had failed to check the retaliation box on the EEOC charge. *Id.* at 749. However, the plaintiff in *Gregory* was not represented by counsel and had stated facts in the EEOC charge which indicated she was fired in retaliation for complaining about discrimination. *Id.* The *Hillemann* court noted, however, that the case before it was distinguishable from *Gregory*, because the *Hillemann* plaintiff's charge was silent about retaliation. *Id.* at 749-50. It included no allegations that would have led the EEOC to investigate retaliation, as the plaintiff stated only that he was a victim of age discrimination and that the hired applicants were younger than he was. *Id.*

*Hillemann* is directly on point and requires dismissal of Stults' retaliation claim. Unlike the plaintiff in *Gregory*, Stults was represented by counsel throughout the administrative process. All of the allegations in the charge relate to age discrimination and there is no reference to or suggestion of retaliation. Her Complaint acknowledges only that "[p]laintiff filed charges of *discrimination*" with the EEOC. Complaint, ¶ 3 (emphasis added). Moreover, none of the factual allegations supporting her claim of retaliation are included in her EEOC charge. Accordingly, the second count must be dismissed for failure to exhaust administrative remedies.

  B. <u>Plaintiff's Claims for Punitive Damages And Compensatory Damages for Emotional Distress Must be Dismissed.</u>

Even if Ms. Stults had exhausted her administrative remedies and properly included a retaliation count, she could not recover punitive damages or compensatory damages for emotional distress. This circuit has previously ruled that punitive damages are not available under the ADEA. *Dean v. American Sec. Ins. Co.*, 559 F.2d 1036, 1039-40 (5th Cir. 1977), *cert.*

*denied*, 434 U.S. 1066 (1978).[2]  *Dean* also makes clear that, like punitive damages, general damages, and thus, compensatory damages for emotional distress, are not recoverable under the ADEA.  *Id.; Carlson v. WPLG/TV-10,* 956 F. Supp. 994, 1013 (S.D. Fla. 1996)(citing *Dean* for the rule that in an ADEA case, no damages for pain, suffering and/or mental distress may be awarded as part of the compensatory damages award); *see also Bogacki v. Buccaneers Ltd. Partnership*, 370 F. Supp. 2d 1201, 1204-05 (M.D. Fla. 2005)(acknowledging *Dean's* holding that emotional distress damages are not available under the ADEA). Accordingly, Ms. Stults also cannot recover compensatory damages for mental anguish, embarrassment, and emotional distress.

### III. CONCLUSION

Based on the foregoing, Plaintiff's second count for retaliation should be dismissed.

Respectfully submitted,

/s/ James W. Garrett, Jr.
Post Office Box 270
Montgomery, Alabama 36101-0270
Phone: (334) 206-3143
Fax: (334) 481-0809
e-mail: jwg@rsjg.com

*Attorney for Defendants The Midland Company, Midland- Guardian Company, American Modern Insurance Company, Inc., and Sunbelt General Agency, Inc.*

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of September, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to ECF participants.

Terry A. Sides, Esq.
Burgess & Hale,
300 Financial Center, 505 N. 20th Street
Birmingham, Alabama  35203


/S/ OF COUNSEL