# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **JUDY STULTS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:07 CV 796-mht |
| | ) |
| **THE MIDLAND COMPANY, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ANSWER OF DEFENDANTS

COME NOW the Defendants, The Midland Company, Midland-Guardian Company, American Modern Insurance Group, Inc., and Sunbelt General Agency, Inc., ("Defendants") and for their Answer to the Plaintiff's Complaint, Defendants respond as follows:

## STATEMENT OF THE CASE

1. Denied.

## JURISDICTION AND VENUE

2. Defendants admit that this Court has subject matter jurisdiction with respect to Plaintiff's claim that she was terminated because of her age and deny any further allegations of this paragraph.

3. Admitted with respect to Plaintiff's claim that she was terminated because of her age. Defendants deny any further allegations of this paragraph.

4. Defendants admit that they are located and/or are doing business within this judicial district and division and deny any remaining allegations of this paragraph.

1

## PARTIES

5. Defendants admit that Plaintiff is an adult female who previously was employed by Defendant Sunbelt General Agency Inc. ("Sunbelt"). Defendants deny any remaining allegations of this paragraph.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

## STATEMENT OF FACTS

10. Defendants admit that Defendant Sunbelt hired Plaintiff in mid January, 1996 and deny any remaining allegations of this paragraph.

11. Defendants admit that Plaintiff at one time was a Vice President of Defendant Sunbelt and deny any remaining allegations of this paragraph.

12. Denied.

13. Admitted as to Defendant Sunbelt.

14. If Plaintiff's date of birth is 12-01-46, Admitted.

15. Defendants admit that Plaintiff received performance reviews during her employment. Defendants deny any remaining allegations of this paragraph for lack of knowledge or information sufficient to form a belief.

16. Defendants state affirmatively that the referenced performance reviews speak for themselves, and deny any remaining allegations of this paragraph.

17. Defendants state affirmatively that the referenced performance reviews speak for themselves, and deny any remaining allegations of this paragraph.

18. Defendants state affirmatively that the referenced performance reviews speak for themselves, and deny any remaining allegations of this paragraph.

19. Defendants state affirmatively that the referenced performance reviews speak for themselves, and deny any remaining allegations of this paragraph.

20. Admitted.

21. Defendants admit that Frank Johnston, Jr. became Plaintiff's supervisor during 2004. Defendants further admit that at various times he had been a sales agent and had worked with the marketing and commercial lines sectors of defendant Sunbelt's business. Defendants deny any further allegations of this paragraph.

22. Defendants admit that Frank Johnston, Jr. conducted the referenced performance evaluation and state affirmatively that the performance review speaks for itself. Defendants deny any remaining allegations of this paragraph.

23. Admitted.

24. Denied.

25. Defendants admit that Plaintiff received a job grade increase and deny any remaining allegations of this paragraph.

26. Defendants admit that on one or more occasions after he became her supervisor, Frank Johnston, Jr. discussed with Plaintiff her job duties and responsibilities. The remaining allegations of this paragraph are denied for lack of knowledge or information sufficient to form a belief.

27. Admitted.

28. Defendants admit that Plaintiff's duties and performance with respect to "modernLINK" are addressed in one or more performance reviews which speak for themselves.

Defendants deny any remaining allegations of this paragraph.

29.     Defendants admit that Plaintiff continued to perform duties in 2005 related to "modernLINK" and deny any remaining allegations in this paragraph.

30.     Denied; vague, ambiguous and indefinite.

31.     Admitted.

32.     Denied as to the time frame referenced in the Complaint.

33.     Admitted.

34.     Defendants state affirmatively that the referenced performance reviews speak for themselves, and deny any remaining allegations of this paragraph.

35.     Defendants state affirmatively that the referenced performance reviews speak for themselves, and deny any remaining allegations of this paragraph.

36.     Defendants state affirmatively that the referenced performance reviews speak for themselves, and deny any remaining allegations of this paragraph.

37.     Defendants state affirmatively that the referenced performance reviews speak for themselves, and deny any remaining allegations of this paragraph.

38.     Defendants state affirmatively that the referenced performance reviews speak for themselves, and deny any remaining allegations of this paragraph.

39.     Denied.

40.     Defendants state affirmatively that the referenced performance reviews speak for themselves, and deny any remaining allegations of this paragraph.

41.     Defendants state affirmatively that Plaintiff responded in writing to her performance evaluation and the response speaks for itself.  Frank Johnston Jr. met with her and fully discussed the review and answered any and all of Plaintiff's questions.  Defendants deny

any remaining allegations of this paragraph.

42. Defendants admit that Frank Johnston Jr. and Plaintiff agreed that her performance would be evaluated again in six months and deny any remaining allegations of this paragraph.

43. Denied for lack of knowledge or information sufficient to form a belief.

44. Denied; vague, ambiguous, and indefinite.

45. Denied.

46. Denied.

47. Defendants admit that Frank Johnston, Jr. assigned Plaintiff some duties related to Mississippi agents at or around the referenced time period and deny any further allegations of this paragraph for lack of information.

48. Denied for lack of knowledge or information sufficient to form a belief.

49. Defendants admit that on or about July 6, 2006, Plaintiff was summoned into Ray Johnston's office for a meeting with Frank Johnston and a Human Resources representative; further Denied.

50. Denied.

51. Defendants state affirmatively that this paragraph relates to inadmissible settlement discussions and deny any further allegations of this paragraph.

52. Defendants state affirmatively that this paragraph relates to inadmissible settlement discussions and deny any further allegations of this paragraph.

53. Defendants state affirmatively that this paragraph relates to inadmissible settlement discussions and deny any further allegations of this paragraph.

54. Defendants state affirmatively that this paragraph relates to inadmissible settlement discussions and deny any further allegations of this paragraph.

55. Defendants admit that after Plaintiff's termination, Kim Segrest assumed some of Plaintiff's duties and deny any further allegations of this paragraph.

56. Defendants state affirmatively that this paragraph relates to inadmissible settlement discussions and deny any further allegations of this paragraph.

## COUNT 1

## ADEA - AGE DISCRIMINATION

57. Defendants incorporate by reference their responses set forth above.

58. Admitted.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT II

## RETALIATION

66- 70. As stated in Defendants' Motion to Dismiss, this Count should be dismissed for failure to exhaust administrative remedies and/or lack of jurisdiction.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust her administrative remedies with respect to allegations that are not included in her EEOC Charge.

**THIRD AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction over allegations which are not included in Plaintiff's EEOC Charge.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff would have been terminated regardless of her age.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate her damages.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to amend this Answer to assert any additional affirmative defenses as may be learned during pretrial discovery in this action.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that this Court enter judgment in its favor as follows:

1. Dismiss the Complaint with prejudice at Plaintiff's cost;

2. Award to Defendants their costs incurred herein, including reasonable attorney's fees; and

3. Award Defendants all other relief to which they may be entitled.

Respectfully submitted,


/s/ James W. Garrett, Jr.
Post Office Box 270
Montgomery, Alabama 36101-0270
Phone: (334) 206-3143
Fax: (334) 481-0809
e-mail: jwg@rsjg.com

*Attorney for Defendants The Midland Company, Midland- Guardian Company, American Modern Insurance Company, Inc., and Sunbelt General Agency, Inc.*


**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of September, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to ECF participants.

Terry A. Sides, Esq.
Burgess & Hale,
300 Financial Center, 505 N. 20th Street
Birmingham, Alabama  35203


/S/ JAMES W. GARRETT, JR.

8