## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JUDY STULTS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:07-cv-796-MHT-CSC** |
| | ) | |
| **THE MIDLAND COMPANY**, *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT II OF THE PLAINTIFF'S COMPLAINT

Comes now the plaintiff, by and through her counsel, and responds as follows in opposition to the defendants' pending motion to dismiss (doc. #6) her age-based retaliation claim in Count II of her complaint.

### I.
### STATEMENT OF THE CASE

This is an age discrimination and retaliation case brought by the plaintiff ("Stults") pursuant to the Age Discrimination in Employment Act, as amended, codified at 29 U.S.C. §621 *et seq.* ("ADEA"). The gist of Stults' complaint is that the defendants terminated her employment because of her age (see Count I) and/or in retaliation for her opposition to employment practices made unlawful by the ADEA (see Count II). As redress for her claims, Stults seeks appropriate legal,

equitable, and injunctive relief against the defendants.

## II.
## THE DEFENDANTS' MOTION TO DISMISS

The defendants seeks a dismissal of Stults' ADEA-retaliation claim because, they argue, she failed to exhaust her administrative remedies, in that in the underlying charge of discrimination which she filed with the Equal Employment Opportunity Commission (see Exhibit A to Stults' complaint), (1) she checked only the box labeled "age" discrimination, and (2) there are allegedly no facts in the charge which would have lead the EEOC to investigate retaliation.  The defendants submit these things are fatal to Stults' retaliation claim, so they say it is due to be dismissed.  The defendants are wrong.

## III.
## ARGUMENT

**A.     Stults' retaliation claim is not due to be dismissed for failure to exhaust administrative remedies.**

**(1)     The fact that Stults checked only the box labeled "age" discrimination on her EEOC charge form is of no consequence to the viability of her retaliation claim.**  The defendants are correct that the ADEA requires that a plaintiff exhaust available administrative remedies by filing an EEOC charge prior

to filing her lawsuit.  See 29 U.S.C. §626(d)(2); *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004).  The defendants are also correct that the Eleventh Circuit has held that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can <u>reasonably be expected to grow out of the charge of discrimination</u>." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000 (internal quotation and citation omitted) (emphasis added));  *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970)[1] (noting that the allegations in the plaintiff's complaint may encompass any kind of discrimination like or related to the allegations contained in her EEOC charge of discrimination).  However, these two general principles of law are not the full story on this issue, as the defendants would have this Court believe.  The rest of the story, as shown below, is that it is immaterial and of no consequence what boxes Stults checked or did not check on her EEOC charge of discrimination.

In *Sanchez*, which was a Title VII sex and national origin discrimination case[2],

---

[1]

In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the court adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2]

The fact that *Sanchez* was an action under Title VII, rather than the ADEA, is of no distinguishing significance herein.  The purposes of the two Acts are the same, that being "to erraticate employment discrimination based on the stigmatizing stereotypes of age, race, gender or disability." *Adams v. Florida Power Corp.*, 255 F.3d 1322, 1327 (11th Cir. 2001).  Moreover, the language of the ADEA closely parallels that of Title VII.  See *Lorillard v. Pons*, 434 U.S. 575, 584,

the court considered "the linguistic tolerance to be accorded a charging party under the 1964 Civil Rights Act and its attendant regulations." 431 F.2d at 455. The district court had dismissed that plaintiff's complaint because she had written the wrong words on her EEOC charge of discrimination and checked the wrong box in describing the nature of the discrimination which she had suffered at the hands of the defendant. In concluding that the district court had erred in dismissing the plaintiff's complaint, and that the court's approach had not been in keeping with the words of the statute, with the intent of Congress, or with the applicable administrative regulations adopted by the EEOC, the Fifth Circuit very aptly reasoned as follows:

> "The basic purposes of the Act, however, are clearly discernible. Mindful of the remedial and humanitarian underpinnings of Title VII and of the crucial role played by the private litigant in this statutory scheme [footnote omitted], courts construing Title VII have been extremely reluctant to allow procedural technicalities to bar claims brought under the Act. Consequently, courts confronted with procedural ambiguities in the statutory framework have, with virtual unanimity, resolved them in favor of the complaining party. ... Thus it is obvious that the private litigant's right of access to the courts must be vigilantly protected, for if the courthouse door closes in his face, enforcement of the Act ceases to exist.

---

**Footnote no. 2 cont'd.**
98 S. Ct. 866, 872, 55 L. Ed. 2d 410 (1978) (noting that "the prohibitions of the ADEA were derived *in haec verba* from Title VII.") Accordingly, Title VII cases are instructive in ADEA actions. See e.g., *Burnam v. Amoco Container Co.*, 755 F.2d 893, 894-95 n.2 (11th Cir. 1985) (citing *Zipes v. Trans-World Airlines, Inc.*, 455 U.S. 385, 395 n.11, 102 S. Ct. 1127, 1133 n.11 71 L. Ed. 2d 234 (1982)). See also *Apodaca v. Sec'y of the Dept. of Homeland Security*, 161 Fed. Appx. 897, 899-900 (11th Cir. 2006).

Nevertheless, despite the demonstrated unwillingness of the courts to erect procedural barricades in Title VII actions, [the defendant] offers a series of arguments in the present case which are premised on nothing more than legal technicalities. In essence [the defendant] advances two principal contentions. First, it is [the defendant's] position that since plaintiff checked only the box labeled 'sex' when she executed her original charge of discrimination, she is barred from including in her [individual] complaint allegations of national origin discrimination. ... . ..., we are unimpressed with the ultimate soundness of [the defendant's] position. On the contrary, we are compelled to reverse the judgment of dismissal entered in the court below and to remand for a trial on the merits.

In rejecting [the defendant's] arguments, we rely in part on the Commission's relation-back regulation, 29 C.F.R. §1601.11(d) [footnote omitted], which provides [, in pertinent part, that] *'[A] charge may be amended to cure technical defects or omissions, ... or to clarify and amplify allegations made therein, ...'* ... The validity of this regulation has been upheld by the court on two previous occasions. [citations omitted.] ...

We turn first to [the defendant's] contention that [the plaintiff] is irrevocably bound by the fact that she checked only the box labeled 'sex' when she executed her original charge of discrimination. We reject this contention because we conclude that her failure to check the box labeled 'national origin' was a mere 'technical defect or omission' within the meaning of the second sentence of the Commission's regulation.

In analyzing this contention, we begin with the obvious proposition that the crucial element of a charge of discrimination is the *factual* statement contained therein. Everything else entered on the form is, in essence, a mere amplification of the factual allegations. The selection of the type of discrimination alleged, i.e., the selection of which box to check, is in reality nothing more than the attachment of a legal conclusion to the facts alleged. In the context of a statute like Title VII it is inconceivable that the charging party's rights should be cut off

-5-

merely because he fails to articulate correctly the legal conclusion emanating from his factual allegations. ...

    ... we can conceive of at least three reasons why a charging party might fail to check the correct box on the EEOC charge form, and none of them should cut off the charging party's rights.  First, the charging party may have precise knowledge of the facts concerning the 'unfair thing' done to him, yet not be fully aware of the employer's *motivation* for perpetrating the 'unfair thing.'  Secondly, the charging party may be so unlettered and inarticulate that he does not fully comprehend the distinction between an act motivated by 'sex discrimination' and an identical act motivated by 'national origin discrimination.' [footnote omitted] Finally, the charging party may simply be unschooled and unsophisticated in the use of forms.  Should the charging party forfeit his cause of action for reasons such as these?  We think not.

* * * * *

It goes without saying, of course, that it is irrelevant whether [the plaintiff] is educated or uneducated.  The point is that *some* charging parties are uneducated and inarticulate, and that the procedural rules we develop in this case and in others must be sufficiently liberal to protect their rights.  Consequently, we decline to hold that the failure to place a checkmark in the correct box is a fatal error.  In the context of Title VII, no one - - not even the unschooled - - should be boxed out.

* * * * *

    ... we do not share [the defendant's] dogmatic assumption that every charging party who checks one box has made a conscious, fully considered, deliberate decision to reject the remaining boxes. Secondly, and more fundamentally, as we have clearly indicated in the text of this opinion, we think the crucial element in a charge of discrimination is the set of *facts* alleged therein, not the charging party's conclusion concerning the employer's *motivation*.

> ..., we hold that a charging party's failure to attach the correct
> legal conclusion to the factual allegations contained in the charge of
> discrimination is a mere technical defect ...  It follows, therefore, that
> she is not barred from including in her judicial complaint allegations
> concerning national origin discrimination."

431 F.2d at 460-464 (emphasis in original).

Thirty-four years later, in *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277 (11th Cir. 2004), the court reiterated the *Sanchez* rule.  The issue in *Gregory*, which was a race-based discrimination case, was whether summary judgment should have been entered for the defendant employer on the plaintiff's retaliation claim on the ground that the claim was administratively barred because the plaintiff had failed to check the retaliation box on her underlying EEOC charge of discrimination.  The district court had denied summary judgment, finding that although the plaintiff had alleged only race and gender discrimination, and had not claimed retaliation explicitly in her EEOC charge, the requirement of exhaustion of administrative remedies had nonetheless been satisfied because the retaliation claim was based on the facts alleged in her discrimination charge.  In affirming the district court on this issue, the Eleventh Circuit, citing *Sanchez* and other authorities, made clear that the focal point of inquiry is not what boxes the plaintiff checked and did not check on her EEOC charge form, or even whether she claimed retaliation explicitly on her charge form.  To the contrary, adhering to the settled rules that judicial claims

are to be allowed when they "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint, and that courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [the Civil Rights Acts]," the court held that the real question is whether the plaintiff's judicial complaint is like or related to, or grows out of, the allegations contained in her EEOC charge. *Gregory*, 355 F.3d at 1279-80.

In the instant case, the defendants, in their motion to dismiss, strain to distinguish *Gregory* on grounds that, contrary to Stults, the plaintiff there was not represented by counsel during the administrative proceedings before the EEOC. Such a distinction, however, is of no consequence given the court's plain holding in *Sanchez* and its progeny that a charging party's rights should not be cut off merely because of the failure to place a check mark in the correct box on the EEOC charge form. Any rule to the contrary, regardless of whether the charging party is educated or uneducated, or represented by legal counsel or not, is, the court has said, simply too stringent and unduly harsh, thus the reason why the law holds that in the context of Title VII and related statutes, like the ADEA, no one should be boxed out. *Sanchez*, 431 F.2d at 463.

Accordingly, Stults' age-based retaliation claim is not administratively barred because she did not check the retaliation box on her underlying EEOC charge

of discrimination.

> **(2)    Stults' age-based retaliation claim is like or related to her age discrimination claim and the allegations contained in her EEOC charge.**

As noted above, the focal point of inquiry on this issue is not what boxes Stults checked and did not check on her EEOC charge form, but rather whether her age-based retaliation claim is like or related to, or grows out of, the allegations contained in her EEOC charge.  Put differently, does Stults' age-based retaliation claim "amplify, clarify, or more clearly focus" the allegations in her EEOC charge (*Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1999) (citation omitted)); or could the facts alleged in Stults' charge have reasonably been extended by an EEOC investigator to encompass a claim for retaliation because they are inexplicably intertwined with Stults' complaint of age discrimination (*Gregory*, 355 F.3d at 1280)?  The answer is yes.

To begin with, in their motion to dismiss, the defendants appear to concede the obvious that Stults' age-based retaliation claim is like or related to, or grows out of, her age-discrimination claim.  Given this, the defendants' only argument is that Stults' EEOC charge does not contain any allegations that would have lead the EEOC to investigate retaliation.  The defendants are wrong.

Stults filed her EEOC charge *after* the defendants terminated her employment. The ultimate act that she complained about was that she was terminated. As her charge form makes clear, she "believes" the defendants terminated her because of her age. Her charge sets forth the relevant dates of discrimination, as well as the reasons why she believes she was terminated. Moreover, her charge contains allegations that after others within the defendants' corporate structure complimented and lauded her job performance, her supervisor, Frank Johnston, Jr., demeaned and harassed her during the year or so prior to his termination of her. Being mindful of the settled rule that "the scope of an EEOC complaint should not be strictly interpreted" (*Gregory*, 355 F.3d at 1280 (quoting *Sanchez*, 431 F.2d at 465 (citation omitted))), the totality of all of these factual allegations can reasonably be extended to encompass an age-based claim for retaliation because they are inexplicably interwined with Stults' complaint of age discrimination. In other words, the EEOC's investigation of the latter could have reasonably been expected to encompass the former. For this reason, Stults' retaliation claim is not barred for failure to exhaust administrative remedies.

The holding in *Gregory*, again, fully supports Stults' position on this. Like Stults, (1) the plaintiff in *Gregory* filed her EEOC charge *after* she was terminated; (2) the ultimate act that she complained about was that she had been terminated; (3) she alleged in her charge that she 'believed' that she had been terminated because of

-10-

her race and sex; (4) she set forth the relevant dates of discrimination in her charge; and (5) she alleged the reasons why she believed she had been terminated.  In concluding that these factual allegations were sufficient to satisfy the exhaustion requirement with respect to that plaintiff's retaliation claim in her judicial complaint, the Eleventh Circuit, in affirming the district court, correctly reasoned as follows:

> "... the EEOC presumably investigated, at least in some fashion, the possible reasons why Dr. Gregory was terminated, growing from her initial 'belief' that it was because of her race and sex.  Indeed, there could be various permutations of non-legitimate reasons why an employee is ultimately terminated.  In Dr. Gregory's situation, for example, it could be that race and sex were the only reasons, as she initially believed, why she was terminated.  It could also be, however, that Dr. Gregory was terminated 'in retaliation for' having complained about... disparate treatment of her, ...

> * * * * *

> ... under the liberal EEOC charge strictures of *Sanchez*, we hold that the district court did not err in finding that Dr. Gregory's retaliation claim was not administratively barred by her failure to mark the retaliation space on the EEOC template form.  The facts alleged in her EEOC charge could have reasonably been extended to encompass a claim for retaliation because they were inexplicably interwined with her complaints of race and sex discrimination. ...

355 F.3d at 1280.  The same is true herein.  The EEOC presumably investigated, at least in some fashion, the possible reasons why Stults was terminated, growing from her "belief" that it was because of her age, and there could be various permutations of non-legitimate reasons why the defendants terminated Stults, including that in

-11-

addition to her age, she was terminated in retaliation for her alleged opposition to the defendants' employment practices made unlawful by the ADEA, including the defendants' discriminatory performance evaluation of her for 2005, which she received just six (6) months before her termination. See Complaint, ¶¶33-40. At the very least, it cannot be denied that the EEOC could have reasonably investigated the issue of whether the defendants had a retaliatory motive in Stults' termination. The law is clear that this is sufficient to satisfy the exhaustion of administrative remedies requirement with respect to Stults' retaliation claim.

The defendants' reliance here on *Hillemann v. Unv. of Central Florida*, 167 Fed. Appx. 747 (11th Cir. 2006) is misplaced. In that case, the plaintiff's judicial complaint of race and gender discrimination and retaliation were entirely new and different from her EEOC charge which complained of only age discrimination. The court's refusal therein to allow those judicial claims (which exceeded the scope of that plaintiff's EEOC charge) did nothing more than reiterate the rule (first recognized in *Sanchez* and continued to be followed in *Gregory*) which prohibits mixing apples with oranges. Stults' discrimination and retaliation claims herein are both age-based, so *Hillemann* is inapposite.

-12-

**III.**

**CONCLUSION**

The defendants' motion to dismiss Stults' retaliation claim in Count II of her complaint is due to be denied. The fact that she checked only the box labeled "age" discrimination on her underlying EEOC charge form is of no consequence to the viability of her retaliation claim. Moreover, because her retaliation claim simply amplifies, clarifies, and more clearly focuses the allegations contained in her EEOC complaint, and because a reasonable EEOC investigation of her allegations could have encompassed her retaliation claim, this claim is clearly like or related to her separate discrimination claim, and therefore, not barred for failure to exhaust administrative remedies. The defendants will have the opportunity on another day to test the merits of Stults' retaliation claim, but for now she is entitled to bring her claim into the courthouse in the first place, without the technical barricades which the defendants have raised in their effort to bar her entry. Accordingly, the defendants' motion to dismiss is due to be denied.[3]

---

[3]

The defendants have alternatively argued in their motion that if Stults' retaliation claim is not due to be dismissed, then the relief which she seeks thereunder is due to be limited so as to exclude her demands for punitive damages and compensatory damages for emotional distress. Stults concedes that under the governing law of the Eleventh Circuit, neither punitive damages nor compensatory damages for emotional distress are available remedies under her retaliation claim.

 s/ Terry A. Sides
Terry A. Sides (ASB:7513-E47T)
Attorney for the Plaintiff

OF COUNSEL:
**BURGESS & HALE, L.L.C.**
300 Financial Center
505 North 20th Street
Birmingham, Alabama  35203
(205) 715-4466

## CERTIFICATE OF SERVICE

I hereby certify that on **November 2, 2007**, I served a copy of the above and foregoing on counsel for all parties by:

_____        Facsimile transmission;

_____        Hand delivery;

_____        Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to:

   X          Using the CM/ECF system which will send notification of such to the following:

James W. Garrett, Jr.
**RUSHTON, STAKELY,**
   **JOHNSTON & GARRETT**
P. O. Box 270
Montgomery, AL  36101-0270

David K. Montgomery, Esq.
**KEATING, MUETHING &**
   **KLEKAMP, PLL**
One East Fourth St., Ste. 1400
Cincinnati, Ohio  45202

 /s Terry A. Sides
Of Counsel

-14-